UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

CARLOS BONILLA, EUSTAQUIO MUÑOZ,      :
MAURICIO GAMA, ARMANDO AJTUN, and     :
TEODORO CRUZ DOLORES,                 :
                                      :
                          Plaintiffs, :
                                      :
            -against-                 :       15 Civ. 5764 (VEC)(DF)
                                      :
                                      :
SFV CORP. d/b/a MIMI'S PIZZA AND FAMILY :
RESTAURANT and STEPHEN VANACORE,      :
                                      :
                          Defendants. :

--------------------------------------------------------------------X

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is hereby entered into by and between Defendants SFV Corp. d/b/a Mimi's Pizza and Family Restaurant ("Mimi's Pizza") and Stephen Vanacore (collectively, "Defendants"), and Plaintiffs Carlos Bonilla, Eustaquio Muñoz, Mauricio Gama, Armando Ajtun, and Teodoro Cruz Dolores (collectively, "Plaintiffs"). Defendants and Plaintiffs collectively are referred to in this Agreement as the "Parties."

## RECITALS

WHEREAS, a Complaint was filed against Defendants on July 22, 2015, in an action titled *Bonilla et al. v. SFV Corp. d/b/a Mimi's Pizza and Family Restaurant, et al.*, No. 15 Civ. 5764 (VEC)(DF)(the "Litigation"), asserting the following claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"): minimum and overtime wage claims under the FLSA and NYLL; spread-of-hours claims under the NYLL; unlawful deductions under the NYLL; and violations of the NYLL's Wage Theft Prevention Act;

WHEREAS, Defendants deny the allegations made by Plaintiffs in the Litigation, including all claims of liability and damages with respect to the alleged facts or causes of action asserted in the Litigation, and further aver that Defendants have, at all times, acted lawfully in all respects; and

WHEREAS, the Parties reached a settlement of this action through arms-length negotiations, which resulted in an agreement by the Parties to settle the Litigation;

WHEREAS, the purpose of this Agreement is to dismiss, with prejudice, the Litigation and to settle fully and finally all Released Claims (as defined below) that all Plaintiffs have or may have against Defendants; and

WHEREAS, the Parties' have analyzed and evaluated the merits of the claims made against Defendants and the defenses raised by Defendants in the Litigation, and based upon that analysis and evaluation, and recognizing the substantial risks of continued litigation, the Parties are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of all Parties;

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation and release of claims on the following terms and conditions:

1.      SETTLEMENT PAYMENT, DISTRIBUTION, AND PAYOUT

A.      Negotiated Settlement Payment and Distribution to Plaintiffs

1.      Defendants agree to pay Plaintiffs Four Hundred Thousand Dollars and Zero Cents ($400,000.00) (the "Negotiated Settlement Payment") for the purpose of settling the Litigation. The Negotiated Settlement Payment shall be allocated as follows (the "Allocation") between Plaintiffs and Pechman Law Group PLLC ("Plaintiffs' Counsel"), for attorneys' fees and costs:

| Plaintiff | Allocation |
|---|---|
| Carlos Bonilla | $42,010.38 |
| Eustaquio Muñoz | $78,850.65 |
| Mauricio Gama | $21,766.98 |
| Armando Ajtun | $70, 790.31 |
| Teodoro Cruz Dolores | $52,313.66 |
| Pechman Law Group PLLC | $134,268.03 |

2.      Defendants shall deliver the Negotiated Settlement Payment in payout installments allocated as follows:

| Date | Amount |
|---|---|
| July 15, 2016 | $150,000.00 |
| October 15, 2016 | $25,000.00 |
| December 15, 2016 | $75,000.00 |
| February 15, 2017 | $25,000.00 |
| May 15, 2017 | $25,000.00 |
| August 15, 2017 | $25,000.00 |
| October 15, 2017 | $25,000.00 |
| December 15, 2017 | $50,000.00 |

Defendants shall pay the Negotiated Settlement Amount to Plaintiffs and Plaintiffs' Counsel on a pro-rata installment basis as set forth in the annexed Exhibit A.

### B.    Commencement of Payment.

The payments will be made by separate checks to each Plaintiff either by the dates specified in Exhibit A to this Agreement, or by five (5) days after the Court approves this Agreement as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and fully and finally dismisses the Pending Action with prejudice, whichever date occurs later.

### C.    Confession of Judgment.

Stephen Vanacore on behalf of himself and on behalf of Mimi's Pizza, agrees to execute a Confession of Judgment for $400,000.00, in addition to a $100,000 penalty, in the form annexed hereto as Exhibit C, and to deliver the executed and notarized original Confession of Judgment contemporaneously with his execution of this Agreement.  Plaintiffs' Counsel will hold said Confession of Judgment in escrow and will only file same if Defendants fail to comply with the payment of the Negotiated Settlement Payment, including any of its installments as set forth in Exhibit A, and Defendants have not cured any such failure as set forth in this Agreement.  Upon receipt of all of the installment payments of the Negotiated Settlement Payment set forth in Exhibit A, Plaintiffs' Counsel shall destroy the Confession of Judgment.

### D.    Notice to Cure.

If Defendants fail to make timely any of the payments described above and set forth in Exhibit A, or if any payment check fails to clear (*i.e.*, bounces), Plaintiffs' Counsel shall provide, by e-mail, a notice to cure to Thomas Bizzaro, Esq., Defendants' counsel.  Defendants shall cure the default within ten (10) days from and including the date on which the notice was sent by e-mail to tbizzaro@smithmazure.com.  If the default is not cured, Defendants shall pay all remaining payments under this Agreement which will become due within thirty (30) days of the default.  If Defendants fail to pay the accelerated amount within thirty (30) days, Defendants shall consent to entry of the Confession of Judgment as set forth in Exhibit C in favor of Plaintiffs, in the United States District Court for the Southern District of New York, for the full amount set forth in the Confession of Judgment, less any payments that were already made under this Agreement.

### E.    Taxes.

1.    For tax purposes, 50% of each Plaintiff's Allocation shall be treated as back wages and 50% shall be treated as liquidated damages and interest.

2.    The portion of each Plaintiff's Allocation treated as back wages shall be made net of all applicable employment taxes, including, without limitation, federal, state, and local income tax withholding and the employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payees under the

payees' names and social security numbers or tax payer identification numbers (ITIN) on IRS Form W-2. The portion of each Plaintiff's Allocation treated as liquidated damages and interest shall be made without withholding and shall be reported to the IRS and the payees, to the extent required by law, under the payees' name and social security numbers or tax payer identification numbers (ITIN) on IRS Form 1099. Defendants shall pay all state and federal payroll taxes imposed by applicable law, including the employer's share of the FICA tax and any federal and state unemployment tax due, with respect to the amounts treated as wages.

3.      Defendants shall pay Plaintiffs' Counsel's Allocation, for attorneys' fees and costs paid pursuant to this Agreement, without withholdings and with an IRS Form 1099.

## 2.      RELEASE BY PLAINTIFFS

For and in consideration of the promises of Defendants set forth in this Agreement, including the Settlement Payment, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs hereby fully and forever release, relieve, waive, relinquish, and discharge Defendants, Defendants' subsidiaries (including but not limited to any grandchild entities, great grandchild entities, and so on), parents (including but not limited to any grandparent entities, great grandparent entities, and so on), affiliates, successors, related entities, assigns, heirs, executors, administrators, and attorneys, and all of their present and former owners, directors, officers, partners, shareholders, members, employees, representatives, agents, attorneys, and insurers ("Releasees") from any and all claims, debts, losses, demands, obligations, liabilities, causes of action, charges, grievances, complaints, or suits of any kind that relate to their compensation or any wage and hour violations that may have occurred during, arising from, or relating to their employment or engagement with Defendants under federal, state, and/or local law from the beginning of the world through the effective date of this Agreement, including, but not limited to, any and all claims for unpaid wages, overtime compensation, gratuities, tips, tip credits, tip allowances, service charges, administrative charges, operational charges, other mandatory charges, commissions, improper deductions, travel time, bonuses, penalties, spread-of-hours pay, meal breaks, meal credits, uniform maintenance, uniform reimbursement, expense reimbursement, failure to maintain and furnish employees with proper wage notices and statements, other compensation, wages, or benefits, and any other claims that were or could have been asserted in the Litigation, whether known or unknown, under federal, state, and/or local wage and hour laws, including, but not limited to, the Fair Labor Standards Act, New York Labor Law, New York Code of Rules and Regulations, New York Hospitality Industry Wage Order, New York Restaurant Industry Wage Order, New York Minimum Wage Order for Miscellaneous Industries and Occupations, and New York Wage Theft Prevention Act. This release includes all claims for relief relating to any such released claims, including claims for liquidated damages, punitive damages, penalties, interest, and attorneys' fees, costs, and expenses. This release is limited solely and only to claims that have arisen on or prior to the date that this Agreement is executed and it does not release or discharge any claims that may occur after that date.

3.      DISMISSAL OF THE LAWSUIT

The Parties agree to submit this Agreement to the Court for its inspection and approval as a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act and/or time worked.  To that end, the Parties shall sign the Stipulation and Order of Dismissal With Prejudice ("Dismissal Order") that is attached to this Agreement as Exhibit B.  The Dismissal Order shall be filed in the United States District Court for the Southern District of New York with a fully executed copy of this Agreement.

4.      MISCELLANEOUS

A.      **Cooperation Between The Parties.**  The Parties shall cooperate fully with each other and shall use their best efforts to ensure that the agreed upon Negotiated Settlement Payment is received by Plaintiffs.  Each of the Parties, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

B.      **Non-Admission of Liability.**  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Plaintiffs, individually or collectively, all such liability being expressly denied.  Rather, Defendants enter into this Agreement to avoid further litigation and to resolve and settle all disputes with Plaintiffs. The Parties understand and agree that neither this Agreement, nor the negotiations that preceded it, shall be used as evidence with respect to the claims asserted in the Litigation or in any other proceeding or dispute whatsoever.

C.      **No Assignment.**  Plaintiffs represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any Released Claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation, or any related action and no lien exists therein.

D.      **Entire Agreement.**  This Agreement and all attachments, constitutes the entire Agreement between the Parties.  All prior and contemporaneous negotiations and understandings between the Parties shall be deemed merged into and superseded by this Agreement.

E.      **Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of the Parties.

F.      **Arm's Length Transaction; Materiality Of Terms.**  The Parties have negotiated the terms and conditions of this Agreement at arm's length, through authorized and experienced counsel.  All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

G.     **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

H.     **Construction.** The terms and conditions of this Agreement have been negotiated by mutual agreement of the Parties. Therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

I.     **Governing Law.** This Agreement shall in all respects be interpreted, enforced, and governed by and under the laws of the State of New York, without regard to choice of law or conflict of laws principles, to create a full and complete settlement and waiver of claims. To the extent that the law of the United States governs any matter set forth herein, such Federal law shall govern and shall create a full and complete settlement and waiver of claims, as set forth herein (as well as the recitals hereto, which have been incorporated fully herein). Venue for any dispute between the parties shall lie in the United States District Court for the Southern District of New York. However, if the District Court should refuse or decline to accept jurisdiction over the settlement for any reason, the Parties agree that this Agreement may be enforced in any court of competent jurisdiction located in New York County, New York. The District Court's refusal to retain jurisdiction over the settlement shall not void or otherwise affect this Agreement.

J.     **Waivers, Etc. Must Be In Writing.** No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of the Parties and then only to the extent set forth in a written waiver, modification, or amendment that refers explicitly to this Agreement. Failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any other provision(s) of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

K.     **Counterparts.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if Plaintiffs and Defendants have signed the same instrument.

L.     **Severability.** If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. However, the Parties agree that Section 1 cannot be severed from this Agreement.

M.     **Facsimile / Electronic Signatures.** Any Party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile and/or electronic mail to counsel for the other Party. Any signature made and transmitted by facsimile/electronic mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and

6

shall be binding upon the Party whose counsel transmits the signature page by facsimile/electronic mail.

N.     **Attorney's Fees and Costs.**  Except as specifically provided elsewhere in this Agreement, each Party shall be solely responsible for its or their own attorneys' fees and costs in connection with the Lawsuit.  However, the prevailing party shall be entitled to recover all reasonable attorneys' fees and costs incurred in the prosecution of any action to enforce the terms of this Agreement.

O.     **Fair and Reasonable Settlement.**  The Parties agree that this Agreement and the payments called for by this Agreement are fair and reasonable to all Parties, and that those payments and the other terms of this Agreement constitute a fair and reasonable settlement of the claims made in the Litigation.  The Parties also agree that there was no undue influence, duress, overreaching, collusion, or intimidation in reaching this Agreement, and that both Parties have sought and received the advice of competent counsel as to the meaning and effect of each of the terms of this Agreement before agreeing to sign it.

P.     **No Third-Party Beneficiaries.**  The rights, duties, and obligations set out in this Agreement shall be binding upon, and inure to the benefit of, only the Parties to this Agreement and their respective current and former partners, members, officers, directors, trustees, shareholders, employees, counsel, agents, executors, and successors, including, but not limited to, any rehabilitator, receiver, conservator, liquidator, trustee, or other statutory successor and quasi-statutory successor.  No person or entity that is not expressly a Party to this Agreement has, or shall have, any rights as a beneficiary or a third-party beneficiary of this Agreement.  Plaintiffs acknowledge that they have not previously transferred, assigned or conveyed any right or claim released in this Agreement.

Q.     **Notices.**  Unless otherwise provided for in this Agreement, written notices may be sent by e-mail, facsimile, or mail.  Notices to Defendants shall be sent to Defendants' Counsel:  Thomas Bizzaro, Esq. (tbizzaro@smithmazure.com) of Smith, Mazure, Director, Wilkins, Young, and Yagerman P.C., 111 John Street, New York, NY 10038, Fax: 212-374-1935.  Notices to Plaintiffs shall be sent to Plaintiffs' Counsel:  Louis Pechman (pechman@pechmanlaw.com) and Washcarina Martinez Alonzo (martinez@pechmanlaw.com) of Pechman Law Group PLLC, 488 Madison Avenue, 11th Floor, New York, NY 10022, Fax: 212-308-8582.

R.     **Free and Voluntary Execution.**  This Agreement has been executed freely, knowingly and voluntarily by both Parties without duress, coercion, or undue influence, with a full free understanding of its terms, and after consultation with their respective attorneys, and other professional persons.

IN WITNESS WHEREOF, the Parties hereto have executed, or caused their duly authorized officer to execute this Agreement.

Date:   May 4, 2016

**CARLOS BONILLA**

Dated: 5/4/16

**EUSTAQUIO MUÑOZ**

Dated: 5/5/16

**MAURICIO GAMA**

Dated: 5/9/16

**ARMANDO AJTUN**

Dated: 5/5/16

**TEODORO CRUZ DOLORES**

Dated: 5/5/16

**SFV CORP. d/b/a MIMI'S PIZZA AND FAMILY RESTAURANT**

By: Stephen Vanacore

Title: President

Dated: 5/4/16

**STEPHEN VANACORE**

Dated: 5/4/16

8

# EXHIBIT A

# Payment Schedule

|  | Carlos Bonilla | Eustaquio Muñoz | Mauricio Gama | Armando Ajtun | Teodoro Cruz Dolores | Pechman Law Group |
|---|---|---|---|---|---|---|
| July 15, 2016 | $15,753.89 | $29,568.99 | $8,162.62 | $26,546.37 | $19,617.62 | $50,350.51 |
| Oct. 15, 2016 | $2,625.65 | $4,928.17 | $1,360.44 | $4,424.39 | $3,269.60 | $8,391.75 |
| Dec. 15, 2016 | $7,876.95 | $14,784.50 | $4,081.31 | $13,273.18 | $9,808.81 | $25,175.26 |
| Feb. 15, 2017 | $2,625.65 | $4,928.17 | $1,360.44 | $4,424.39 | $3,269.60 | $8,391.75 |
| May 15, 2017 | $2,625.65 | $4,928.17 | $1,360.44 | $4,424.39 | $3,269.60 | $8,391.75 |
| Aug. 15, 2017 | $2,625.65 | $4,928.17 | $1,360.44 | $4,424.39 | $3,269.60 | $8,391.75 |
| Oct. 15, 2017 | $2,625.65 | $4,928.17 | $1,360.44 | $4,424.39 | $3,269.60 | $8,391.75 |
| Dec. 15, 2017 | $5,251.30 | $9,856.33 | $2,720.87 | $8,848.79 | $6,539.21 | $16,783.50 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

CARLOS BONILLA, EUSTAQUIO MUÑOZ,      :
MAURICIO GAMA, ARMANDO AJTUN, and      :
TEODORO CRUZ DOLORES,      :
    :
    :
    Plaintiffs,      :
    :
    -against-      :      **15 Civ. 5764 (VEC)(DF)**
    :
    :
    :
SFV CORP. d/b/a MIMI'S PIZZA AND FAMILY      :
RESTAURANT and STEPHEN VANACORE,      :
    :
    Defendants.      :

---------------------------------------------------------------------X

### STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

**WHEREAS,** on July 22, 2015, Plaintiffs filed a Complaint, which asserted claims for, *inter alia*, unpaid minimum and overtime wages, unlawful deductions, spread-of-hours pay, and statutory damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New York Labor Law;

**WHEREAS,** the parties reached a settlement of this action through arms-length negotiations and have entered into a Settlement Agreement (the "Agreement"), formally memorializing the parties' settlement;

**WHEREAS,** the terms of the Agreement, which are incorporated herein by reference, have been reviewed and scrutinized by the Court and are approved and considered a fair and reasonable resolution of, *inter alia*, a bona fide dispute over a provision or provisions of the Fair Labor Standards Act and/or time worked and wages paid; and

**WHEREAS,** this Court shall retain jurisdiction to enforce the terms of the Agreement;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned counsel for the Parties, that this action be hereby dismissed and discontinued in its entirety, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

PECHMAN LAW GROUP PLLC

By:
   Louis Pechman, Esq.
   Washcarina Martinez Alonzo, Esq.
   488 Madison Avenue, 11th Floor
   New York, NY 10022
   (212) 583-9500
   *Attorneys for Plaintiffs*

Dated: New York, New York
   May 4, 2016

SMITH, MAZURE, DIRECTOR, WILKINS, YOUNG, and YAGERMAN P.C.

By:
   Thomas Bizzaro, Esq.
   111 John Street
   New York, NY 10038
   (212) 485-8713
   *Attorney for Defendants*

Dated: New York, New York
   May 4, 2016

SO ORDERED:

_____
Honorable Debra Freeman
United States Magistrate Judge

Dated:  New York, New York
   May__, 2016

2

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CARLOS BONILLA, EUSTAQUIO MUÑOZ,                  :
MAURICIO GAMA, ARMANDO AJTUN, and                 :
TEODORO CRUZ DOLORES,                             :          15 Civ. 5764 (VEC)(DF)
                                                  :
                                    Plaintiffs,   :
                                                  :
              -against-                           :
                                                  :          **AFFIDAVIT OF**
                                                  :          **CONFESSION OF**
SFV CORP. d/b/a MIMI'S PIZZA AND FAMILY           :          **JUDGMENT**
RESTAURANT and STEPHEN VANACORE,                  :
                                                  :
                                    Defendants.   :
----------------------------------------------------------------------X

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK )

Stephen Vanacore, being duly sworn, deposes and says:

1.      I, Stephen Vanacore, am an owner of SFV Corp. d/b/a Mimi's Pizza and

Family Restaurant ("Mimi's Pizza").

2.      I have authority to sign on behalf of both Mimi's Pizza and myself, and I

am duly authorized to make this Affidavit of Confession of Judgment on my own

behalf and on behalf of Mimi's Pizza.

3.      I, Stephen Vanacore, hereby confess judgment and authorize entry of

judgment against Mimi's Pizza and myself (collectively, "defendants"), jointly and

severally, in favor of plaintiffs in the above-referenced action for the total sum of Four

Hundred Thousand Dollars and Zero Cents ($400,000.00), in addition to a penalty of

One-Hundred Thousand Dollars and Zero Cents ($100,000), less any settlement monies

already paid, pursuant to the terms of the Settlement Agreement (the "Settlement

Agreement"), entered into and signed by plaintiffs and defendants in the above-

captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921,

1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

4.      This Confession of Judgment is for a debt justly due to plaintiffs pursuant to the Settlement Agreement.

5.      I hereby represent my understanding that upon defendants' breach of the Settlement Agreement, plaintiffs shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court, or in any court of competent jurisdiction, as a judgment against defendants, jointly and severally, against all property, of any kind, in which I and/or Mimi's Pizza, collectively or individually, have any ownership interest.

6.      The original of this Affidavit of Confession of Judgment shall remain in the possession of plaintiffs' counsel, Pechman Law Group PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement.

_____
Stephen Vanacore

Sworn to and subscribed before me this
4th day of May 2016

_____
Notary Public

THOMAS A. BIZZARO, JR.
Notary Public, State of New York
No. 02BI6120097
Qualified in Nassau County
Commission Expires December 20, 20 _16_

2