```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS BONILLA, EUSTAQUIO MUNOZ, MAURICIO GAMA, ARMANDO AJTUN, and TEODORO CRUZ DOLORES,

Plaintiffs,

-against-

SFV CORP. d/b/a MIMI'S PIZZA AND FAMILY RESTAURANT, and STEPHEN VANACORE,

Defendants.

15cv5764 (DF)

**ORDER OF DISMISSAL**

**DEBRA FREEMAN, United States Magistrate Judge:**

In this action under the Fair Labor Standards Act and the New York Labor Law, which is before this Court on the consent of the parties pursuant to 28 U.S.C. § 636(c), the parties, having reached an agreement in principle to resolve the action, have placed their proposed settlement agreement before this Court for approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 1999 (2d Cir. 2015) (requiring judicial fairness review of FLSA settlements). The parties have also submitted a letter detailing why they believe the proposed settlement agreement is fair, reasonable, and adequate. (Dkt. 30.) This Court has reviewed the parties' submissions in order to determine whether the proposed agreement represents a reasonable compromise of the claims asserted in this action, and, in light of the totality of the relevant circumstances, including the representations made in the parties' letter, the terms of the proposed settlement agreement, and this Court's own familiarity with the strengths and weaknesses of the parties' positions (as became evident during two telephone conferences conducted by this Court for the purpose of assisting the parties with settlement), it is hereby ORDERED that:

1.	The Court finds that the terms of the proposed settlement agreement are fair, reasonable, and adequate, both to redress Plaintiffs' claims in this action and to compensate Plaintiffs' counsel for their legal fees, and the agreement is therefore approved.

2.	On June 16, 2016, the parties submitted a Stipulation to this Court stating that the parties agree that this Court shall retain jurisdiction over the enforcement of the settlement agreement. This Court construes the Stipulation as a joint request for this Court to retain jurisdiction to enforce the settlement agreement, and grants that request. This Court will therefore retain jurisdiction over the enforcement of the settlement agreement.

3.	As a result of the Court's approval of the parties' proposed settlement, this action is hereby discontinued with prejudice and without costs, provided, however, that, within 30 days of the date of this Order, if any aspect of written documentation of the settlement is not completed, then Plaintiffs may apply by letter for the restoration of the action to the active calendar of the Court.

4.	The Clerk of Court is directed to close this case on the Docket of the Court.

Dated: New York, New York
       June 17, 2016

                                              SO ORDERED

                                              _____
                                              DEBRA FREEMAN
                                              United States Magistrate Judge

Copies to:

All counsel (via ECF)